CIVIL COMPLAINT FORM TO BE USED BY A *PRO SE* PRISONER

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Shawn Simms       JP4037
_____
Full Name of Plaintiff       Inmate Number

v.

Morris L. Houser
_____
Name of Defendant 1

J. Rivello
_____
Name of Defendant 2

Timothy Miller
_____
Name of Defendant 3

Sherman
_____
Name of Defendant 4

Vangordor                     et. al.
_____
Name of Defendant 5

(Print the names of all defendants.  If the names of all
defendants do not fit in this space, you may attach
additional pages. Do not include addresses in this
section).

:
:
:
:
:       Civil No. _____
:       (to be filled in by the Clerk's Office)
:
:       ( X ) Demand for Jury Trial
:       ( __ ) No Jury Trial Demand
:
:       FILED
:       SCRANTON
:
:       FEB 2 2 2021
:
:       PER _____
:              DEPUTY CLERK
:
:
:
:
:
:

**I.   NATURE OF COMPLAINT**

Indicate below the federal legal basis for your claim, if known.

X____   Civil Rights Action under 42 U.S.C. § 1983 (state, county, or municipal defendants)

____   Civil Rights Action under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388
(1971) (federal defendants)

____   Negligence Action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, against the
United States

X____   Civil Rights Action under 42 U.S.C. §1985 (3) and § 1986
conspiracy claims                    Page 1 of 6

# Defendants Cont.

6. Rutherford
7. Brad Byerlee

ET. AL.

"Under Color of State law"
Individually and in their official capacities.

## II.   ADDRESSES AND INFORMATION

### A.   PLAINTIFF

Simms, Shawn M.

Name (Last, First, MI)

JP4037

Inmate Number

S.C.I. Rockview

Place of Confinement

Box A

Address

Bellefonte, Pa. 16823

City, County, State, Zip Code

Indicate whether you are a prisoner or other confined person as follows:

\_\_\_   Pretrial detainee

\_\_\_   Civilly committed detainee

\_\_\_   Immigration detainee

☒   Convicted and sentenced state prisoner

\_\_\_   Convicted and sentenced federal prisoner

### B.   DEFENDANT(S)

Provide the information below for each defendant. Attach additional pages if needed.

Make sure that the defendant(s) listed below are identical to those contained in the caption.   If incorrect information is provided, it could result in the delay or prevention of service of the complaint.

Defendant 1:

Houser, Morris L.

Name (Last, First)

Deputy Warden at Rockview

Current Job Title

Box A

Current Work Address

Belle fonte, Pa. 16823

City, County, State, Zip Code

Defendant 2:

Rivello

Name (Last, First)

Deputy Warden at Rockview

Current Job Title

Box A

Current Work Address

Bellefonte, Pa. 16823

City, County, State, Zip Code


Defendant 3:

Miller, Timothy

Name (Last, First)

L.P.M. at Rockview

Current Job Title

Box A

Current Work Address

Bellefonte, Pa. 16823

City, County, State, Zip Code


Defendant 4:

Sherman

Name (Last, First)

Security Lt. at Rockview

Current Job Title

Box A

Current Work Address

Bellefonte, Pa. 16823

City, County, State, Zip Code


Defendant 5:

Vangordor

Name (Last, First)

Security Captain at Rockview

Current Job Title

Box A

Current Work Address

Bellefonte, Pa. 16823

City, County, State, Zip Code

# Defendants Cont.

- Defendant 6
Rutherford
PREA Lt at Rockview
Box A
Bellefonte, Pa. 16823

- Defendant 7
Byerlee, Brad
Psych at Rockview
Box A
Bellefonte, Pa. 16823

## III.   STATEMENT OF FACTS

State only the facts of your claim below.  Include all the facts you consider important.  Attach additional pages if needed.

A.   Describe where and when the events giving rise to your claim(s) arose.

4-6-20, 10-7-20, 11-5-20, 12-3-20, and 12-30-20 on G Housing Unit, S.C.I. Rockview

B.   On what date did the events giving rise to your claim(s) occur?

4-6-20, 10-7-20, 11-5-20, 12-3-20, and 12-30-20

C.   What are the facts underlying your claim(s)? (For example:  What happened to you? Who did what?)

1. On 4-6-20 I wrote a letter to an outside D.O.C. official and the matter (PREA) was referred to Byerlee (Psych at Rockview).

2. Upon taking my report, defendant Byerlee sabotaged my report by leaving certain things out, etc.

3. Defendants Rutherford (PREA Lt.) and Miller (L.P.m.) acting off of the sabotaged report and failing to abide by PREA policy (by doing "check-ups" etc), failed to do a proper investigation resulting in a misconduct being issued to me.

4. The misconduct exposed highly sensitive medical-type information and exposed that I made an official report on a fellow inmate to staff, thus labeling me a "snitch."

5. The misconduct was entered into the D.O.C. computer (like all misconducts) and this enabled non-essential staff to view it and show other inmates.

6. I then started to recieve "notification" from

# Statement of facts

Other inmates about gang members wanting to kill me. Specifically, the gang members who enacted the PREA misconduct put a "price on my head."

7. I then started informing security about these threats. I also took other measures which ultimately got referred back to non-responsive security defendants. Defendants Vangordor and Sherman made no responce or took any descernable action to investigate the matter or protect me.

8. On 10-7-20, PRC (defendants Hauser, miller, and Rivello) gave the orders to let me back out to population. This made me choose between being stabbed to death/catching COVID19 or staying in the psychological torture cell (Solitary confinement).

9. I refused to go to population to preserve my life and I was given a misconduct for doing so.

10. I submitted an "inmates version" which was read by the hearing examiner, then forwarded to security. Nothing happened to my benefit, only to my detriment (30 days punishment).

11. I finished exhausting to final review with no change.

12. This process was then repeated 3 more times with no results (11-5-20, 12-3-20, and 12-30-20). The only variation was on 11-5-20 when PRC intentionally ordered me to go to an "Enhanced Quarantine" Housing unit with confirmed COVID19 cases during a mass outbreak within Rockview (including the Housing unit I was supposed to go to).

13. I tried to grieve the PREA issue          pg1

# Statement of facts

but since a misconduct was issued, D.O.C. policy prevents me from filing grievances on misconducts/ issues misconducts were issued over.

14. The misconduct was later dismissed without prejudice but the damage was already done. This also prevented me from remedies associated with misconducts. There are no other remedies availible to me.

15. On 1-14-21, I was placed on A/C pending transfer to the "PCU" in S.C.I. Forest where it is notorious for violence and a high concentration of the same gang members I'm seeking protection from.

## IV.   LEGAL CLAIM(S)

You are not required to make legal argument or cite any cases or statutes. However, state what constitutional rights, statutes, or laws you believe were violated by the above actions. If you intend to assert multiple claims, number and set forth each claim in separate paragraphs. Attach additional pages if needed.

I   Amendment

1. On 4-6-20, I wrote a letter to an outside D.O.C. official about my problems here in Rockview that entailed PREA related issues. The matter was referred to defendant Byerlee (psych at Rockview). I then engaged in constitutionally protected conduct (free speech via PREA report; 42 U.S.C.A. §15601) and told Byerlee that PREA violations were enacted on me by multiple people in multiple places over the course of 10 years (this is generally paraphrased). Places include Rockview, S.C.I. Greensburg, and my county jail. Byerlee intentionally sabotaged certain parts of my report that lead to an adverse action; a misconduct (DC-141). The misconduct exposed highly sensitive medical type information and also labeled me as an

## V.   INJURY

Describe with specificity what injury, harm, or damages you suffered because of the events described above.

Violations of my constitutional rights as an independant injury that is cognizable and outside the purview of

## VI.   RELIEF

State exactly what you want the court to do for you. For example, you may be seeking money damages, you may want the court to order a defendant to do something or stop doing something, or you may be seeking both types of relief. If you are seeking monetary relief, state your request generally. Do not request a specific amount of money.

Nominal, Compensatory, and Punitive damages. I'm seeking injunctive relief in the following ways:
1. Body Cameras with audio for all D.O.C. Staff

# Legal Claims

informant for making an official report to staff on a fellow inmate(s). The misconduct was then entered into the D.O.C. computer which enabled non-essential staff to view it and show other inmates. As an additional consequence, the gang members involved in the PREA violations seen this information resulting in a "hit" being put on me. The causal connection is that the 141 misconduct was based on the report Byerlee sabotaged. Punishing PREA victims or exposing their reports to non-essential staff serves no governmental, penological, or public interest and the actions of the defendant would certainly deter victims from making a report in the future. I also avere that this information shouldn't ever be exposed in any way under the well established rape shield laws.

2)    Acting off of defendant Byerlee's fraudulent report, defendants Rutherford and Miller did a "PREA investigation." The constitutionally protected conduct was the PREA report. While these 2 were not involved in taking the report, it is their responsibility to do a "follow-up", monitor for retaliation, monitor victims, provide counseling, and make sure that victims can meet with staff. If they would've followed their own policy/procedures, the report could've been corrected and a proper investigation would've been done. Instead, they violated their own policy/procedures and never once came to speak to me about the report. Since they violated policy, the adverse action was a 141 misconduct that exposed highly sensitive medical type information to non-essential personnel (via D.O.C. computer) that also labeled plaintiff as a "snitch." Inmates also seen this 141 misconduct and as a        pg1

# Legal Claims

result, the gang members who enacted the PREA violations on him put a "hit" on plaintiff. The casual connection is the sabotaged report and subsequently botched investigation coupled with blatant policy/procedure violations resulted in the 141 misconduct and threats by gang members. Punishing PREA victims or exposing their reports serves no governmental, penological, or public interest and the actions of defendants would certainly deterr victims from making a report in the future. I further avere that this type of information should never be exposed for any reason (especially to non-essential personnel) under the well established rape shield laws.

## VIII Amendment

1. Defendants Byerlee, Rutherford, and Miller were all deliberately indifferent towards plaintiff when they issued a 141 misconduct that exposed highly sensitive medical type informa- tion and labeled plaintiff a "snitch". All D.O.C. employees are trained on how misconducts work, how to write them, and generally how they are handled. Defendants being trained in "PREA" know that these reports are confidential and highly sensitive. All D.O.C. employees are also trained and taught that "snitches", "homo- sexuals," and "sex offenders" are at a higher risk than others because of being labeled a "snitch", "homosexual", or "sex offender." Byerlee sabotaged the PREA report which lead to a botched investigation that was further hampered by Rutherford and Miller not following PREA policy/procedures. All 3 defendants are required to work in tandem for PREA reports/           pg2

# Legal Claims

investigations. All 3 were personally involved. All 3 of them had the means to correct the PREA report/investigation by (in Byerlee's case) re-doing the sabotaged report to undo his misconduct or (in Rutherford and Miller's case) by abiding by policy/procedure which would've enabled them to correct the report and thus, do a proper investigation. All 3 defendants had personal knowledge of all sides of this problem, they were personally involved, and none of them corrected the problem despite having the power, means, and obligation to do so.

2.    Defendants Miller, Houser, Rivello, Sherman, and Vangordor were deliberately indifferent towards plaintiff when they repeatedly denied him P/c. Plaintiff wrote request slips, sent a sworn affidavit via certified mail with return reciept requested, and submitted misconduct appeals (and "inmate versions") repeatedly to defendants (which were addressed by "PRC" defendants Miller, Houser, and Rivello, and "investigated" by Security, defendants Sherman and Vangordor) about gang members wanting to kill plaintiff. Defendants completely ignored plaintiff and repeatedly denied him P/c. Plaintiff was never interviewed by security nor was anyone questioned, to plaintiff's knowledge. Defendants "cleared" plaintiff to be sent to general population several times despite their knowledge of threats to plaintiff's life. They even ordered plaintiff to move to an "Enhanced Quarantine" block that was having a massive outbreak of confirmed COVID 19 cases. They did this on 10-7-20, 11-5-20, 12-3-20, and 12-30-20 (sending me to population and denying me P/c. 11-5-20 was the "Enhanced Quarantine" incident.). Plaintiff was forced to choose between          Pg 3

## Legal Claims

being stabbed to death/catching COVID19 or psychological torture AKA solitary confinement. Defendants could have, at any time, placed plaintiff on P/C instead of keeping him punitively confined for protecting his life. Plaintiff was punished for wanting safe conditions he's entitled to via the United States Constitution.

3.    Defendants have placed plaintiff on A/c status on 1-14-21 pending a transfer to the "PCU" in S.C.I. Forest. This prison is notorious for its extreme violence and high concentration of gang members. Defendants are intentionally sending plaintiff to a prison with a super high concentration of the same gangs he's seeking protection from. I'm not litigating over this yet, because I'm exhausting my remedies. I reserve the right to file a supplemental complaint once this process is finished.

## XIV Amendment

1.   Defendants Miller, Rutherford, and Byerlee violated my equal protection rights as a patient seeking medical/psychological/PREA type help when they didn't give me the same protection of the laws to similarly situated inmates. Plaintiff's PREA report was put on the D.O.C. computer that non-essential personnel (I.E. Any C.O., Sgt., Lt., Counselor, Unit manager, CULINARY STAFF, etc.) have access to and allow other inmates to view (unofficially of course). They also exposed that plaintiff made a PREA report on fellow inmates (Thus labeling him a "snitch"). Inmates (similarly situated) who have HIV/AIDS, STI's, Cancer, prostate problems, or even athlete's foot    Pg4

# Legal claims

never have their medical information displayed in such a fashion. So why should a PREA victim's rape be displayed like this? Confidential informants are never exposed for any reason, yet my reporting on other inmates was essentially made public. A confidential informant giving bad or even completely fraudulent information is never issued a misconduct even if such information results in punitive results on another inmate. The actions of the defendants serve no governmental, penological, or public interest and have erroneously put my life in danger by displaying highly sensitive medical information that labeled me a "snitch" to all non-essential personnel contra to other inmates who are similarly situated.

2.      Defendants Miller, Hauser, Rivello, Sherman, and Vangordar violated my equal protection of the laws when they repeatedly denied my requests for P/C despite well documented threats to my life. Inmates who are similarly situated are those involved in gang violence (who requested P/C and recieved it), those who ran up drug debts (who requested P/C and recieved it), and those who were victims of assault/sexual assault (who requested P/C and recieved it). While plaintiff made numerous requests, and went as far as sending a sworn affidavit (via certified mail) with return reciept requested) to Security (defendants Vangordar and Sherman) and misconduct appeals to PRC (defendants Hauser, Miller, and Rivello), he was denied P/C 4 consecutive times by defendants. This forced plaintiff to choose between being stabbed to death/catching a lethal virus or psychological torture in solitary confinement. As a result, plaintiff was issued misconducts for protecting his life     pg 5

# Legal claims

from gang members and COVID 19. Plaintiff has constitutional rights to safe conditions and equal protections thereof, as does everyone else, but no one else is having this problem. Ergo, plaintiff is pursuing these claims as a "class of one."

## Jurisdictional Statement

This court has jurisdiction to hear state claims under 28 U.S.C. §1367 using "supplemental jurisdiction." See: Hagans v. Lavine, 415 U.S. 528, 545-46, 94 S.Ct. 1372 (1974); United mine workers v. Gibbs, 383 U.S. 715, 725-26, 86 S.Ct. 1130 (1966).

## 42 U.S.C. §1985 (3) Conspiracy Claims

Defendants Miller, Byerlee, and Rutherford engaged in a conspiracy to violate plaintiff's constitutional rights to deter him from pursuing anymore PREA complaints/concerns. I engaged in protected conduct (free speech, PREA complaint) and the multiple (3) defendants conspired to sabotage it and expose plaintiff's highly sensitive medical information while at the same time labeling him a "snitch." The proof of this manifests itself through the sabotaged report and repeated violations of a list of established PREA policies/procedures (any one of which would've corrected the problem completely). Either the defendants encountered a total systemic failure of certified PREA regulations (on a laundry list of levels) or (more likely) they      pg6

# Legal Claims

Simply conspired against plaintiff. There are too many violations of policy to be mere coincidences. The "meeting of the minds" is absolutely necessary in order to "investigate" and "concur" with fellow defendants about the report in general. Even if plaintiff wanted to, he couldn't name dates, places, or times they met because (besides the initial report) they never abided by policy (by doing follow-ups, etc.) nor did they/would they expose their "investigative" steps/measures. Thus, making it impossible for plaintiff to give dates and times, however, they do reference each other in what little paperwork I did get (and policy instructs them to communicate.). This makes the dates and times point self evident and unnecessary for the plaintiff to explain.

2.     Defendants Miller, Hauser, Rivello, Sherman, and Vangorder conspired to violate plaintiff's right to live in safe conditions. By violating plaintiff's right to safe conditions, defendants forced me to chose between being stabbed to death /catching a lethal virus or psychological torture in solitary confinement. Defendants Sherman and Vangorder didn't properly investigate (if at all) and for the same reasons plaintiff named for defendants Miller, Byerlee, and Rutherford (concerning PREA report), plaintiff cannot give dates and times. Rather, reports that plaintiff had recieved (misconduct appeal rationals issued by defendants Hauser, Miller, and Rivello) clearly state that security has met and reviewed my concerns. This makes the date and time point unnecessary for plaintiff to explain. However, defendants Hauser, Miller, and Rivello met on 10-7-20, 11-5-20, 12-3-20, and 12-30-20 at approx 9:30 AM (PRC meetings) and literally had a "meeting of the minds" with    pg7

## Legal Claims

multiple defendants. Defendant Byerlee was also at these meetings.

## 42 U.S.C. §1986 Conspiracy Claims

1. Defendants Miller, Byerlee, Sherman, Vangordon, Naser, and Rivello all knew of the above mentioned §1985 (3) conspiracy (and were involved as well) and did nothing to stop/prevent it or report it in any way.

## Intentional Infliction of Emotional Distress

1. All defendants acted with malicious intent with the intended purpose of intentional infliction of emotional/ psychological distress for/through the above listed scenarios and reasons.

# Injury

§ 1997 (e) ( the violation in and of itself is an injury and falls under a seperate catagory of damages); exposure to unsafe conditions; mental torture and suffering; Denial of protective custody; threats to my life via staff misconduct; being labeled an informant; highly sensitive medical/PREA information exposure; being ordered to live on COVID 19 infested block; loss of liberty; loss of Quality of life; restricted speech; intentional infliction of emotional distress; discriminated/conspired against; being forced to choose between death and psychological torture; loss of 27 phone calls per week, loss of: TV, tablet, keyboard, majority of religious books (due to property restrictions in RHU), other electronics, meaning full yard time, excersize equipment, contact visits, commissary, employment, outside "secure" packages, clothes (commissary ordered "property" clothes), e-mails, attorney calls, law library, law assistance, get regular chow from dinning hall, religious services, human contact (meaning full), 6 hours a day "out of cell" time, activities/events, ability to shave when needed, obtain legal work/legal supplies (due to RHU property limits); PTSD; long term psychological damage due to extensive solitary confinement placement

# Relief

members on D.O.C. property.

2. A change in policy that enables inmates to grieve incidents that misconducts were issued over.

3. An outside party (outsid the D.O.C.) to investigate Staff misconduct alleged in grievances (that can also review body cameras/audio, block cameras, etc).

4. A change in policy preventing any PREA related information to be avaliable to non-essential Staff.

5. A change in policy preventing misconducts being issued to PREA victims.

6. A change in policy that clearly defines P/C requirements (How to obtain P/C, what priviledges are allowed to P/C inmates, where they are to be housed, when it's appropriate to transfer them, how to get off of P/c, etc)

7. A change in policy that enables the hearing examiner to put an inmate on P/c per inmate's request.

8. Making PREA victims protected under rape shield laws.

## VII.   SIGNATURE

By signing this complaint, you represent to the court that the facts alleged are true to the best of your knowledge and are supported by evidence, that those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.

Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing. By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.

Signature of Plaintiff

2 – 11 – 21

Date



Smart Communications
Pa. SCI Rockview
Shaun Simms JP4637
Po Box 33028
St. Petersburg FL. 33733

INMATE MAIL
PA DEPT OF
CORRECTIONS

RECEIVED
SCRANTON
FEB 2 2 2021
PER_____ DEPUTY CLERK

Clerk of court
At ni new complaint
U.S. District court
Middle District of pa.
235 N. Washington Ave.
Po Box 1148
Scranton, pa. 18501

control # 1411

PRIORITY
★ MAIL ★
TRACKED
INSURED
UNITED STATES
POSTAL SERVICE®
For Domestic and International Use
Label 107R, May 2014

Legal