IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Simms | : |
| Plaintiff | : Civil Action No: 3:21-cv-321 |
| v. | : |
| Hauser et.al. | : Brief in opposition to Defendant's |
| Defendants | : motion to Dismiss |

FILED SCRANTON
JUL -8 2021
PER _____ DEPUTY CLERK

## I. Introduction

The defense has again filed a frivolous "motion to dismiss" simply to increase litigation and cry to the court about how badly I have defendants dead to rights in the wrong, all while raising a dubious "Z-code" defense. The fact is that I've been single celled on 2-26-20 (a year and a half ago), which is not done as a matter of course to inmates in solitary confinement, and I've never refused a cellmate (I actually requested one). If the Z-code was my goal, I achieved that a year and a half ago... so are the defendants suggesting I'm litigating to get something I already have? I've never requested a Z-code, DOC staff falsify documents as a matter of course, and this is how they can quote me allegedly saying "I'm good. I'm just trying to get my Z-code," while never even seeing me or providing a "refusal form". The longer this case goes on, the crazier this defense is going to seem. Point of fact is that in Simms v. Wetzel, 3:20-cv-1440 (Doc 96), this same counsel and same defendant stated that allowing me to "traipse about for two hours" in population "will jeopardize security", but in present case, I'm gaming the system and I should go to

B

population because there is <u>no danger to me</u>. (?) His own clients put me on "AC" status under DC-ADM 802 1b1g "Threat to inmate" and not DC-ADM 802 1b1g "Self confinement" (P/C) which solidifies my version of events. Even while the defense litigates <u>this</u> motion, his clients are violating my constitutional rights continually, which is why I no longer care about electronics and simply ask to be transferred. (See <u>Any</u> document connected with my preliminary Injunction/Reply Brief). My story has <u>never</u> waivered but the defense changes stories as often as defendants violate my rights to legitimize the treatment of sub-human inmates.

## II Procedural HISTORY

1. Plaintiff's complaint was filed on 3-16-21.
2. Defendants submitted a motion to dismiss on 6-8-21.
3. Plaintiff recieved defendant's "Brief in support" on 6-23-21.
4. This is plaintiff's brief in opposition.

## III Statement of Facts

Plaintiff re-alleges the facts stated in her complaint and prays that the above procedural history and facts stated in the complaint will stand as the "Statement of Facts" in this brief.

## IV Issues Raised

A. Has plaintiff properly alleged 8th, 14th, conspiracy, and intentional infliction of emotional distress with

pg 2

B

personal responsibility/involvement pertaining to defendants?

Suggested answer: Yep.

## V. ARGUMENT.

### A. Properly Alleging Claims/Involvement.

1. For the sake of saving copy/postage costs and burdening the court with re-filed exhibits, this brief relies on my Preliminary Injunction exhibits (including the Reply Brief) and Defendant's exhibit D (Doc 31-4).

2. Plaintiff's complaint is in compliance with the "short and consice" pleading requirements for a §1983 suit and properly states sufficient facts to substantiate each claim. No exhibits are required to be submitted with the complaint. If Plaintiff included all evidence and nuance of each fact, she would have surely violated the "short and consice" rule giving the defense a real reason to complain about.

3. The lack of "specifics" in my original PREA complaint is specifically in DC-ADM 008 policy as being allowed and NOT to be punishable. Since I was punished for making an acceptable report, I was held to a different standard than other inmates. This violates the 14th Amendment and there is a plethora of case law to support this. See: City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). This was properly alleged in my complaint

Pg 3

B

in "Legal Claims" paragraph 1, pg 4 and 5 (concerning "XIV Amendment".) This single claim alone properly alleges a 14th amendment claim with enough factual support to pursue a prima facia case. I claim being a "class of one" ("Legal claims", "XIV Amendment", paragraph 2, pg 6), which is held as acceptable "class". See: Village of Willowbrook v. Olech, 528 U.S. 562, 564-65, 120 S.Ct. 1073 (2000). I was treated differently by all defendants personally. (See "XIV Amendment" in complaint in general.) I properly allege personal involvement.

4. Let it be noted that I've made specific allegations to the buildings I was in when my rapes happened but these facts were left out of the report by defendant Byerlee. Hence why I say, he "sabotaged" the report. Furthure, I've recently enhanced (gave way more specifics and motives) the report and (surprise) they were NOT found to be falsified. The "Hot button" issue was even admitted into the report (about gang or STG members) and NOT found to be falsified. Furthurmore, I've recently offered the court to give the one name of a STG member that violated me in (generally) the same way as another inmate. Difference is, the other inmate was transferred immediately while I'm denied a mere P/C request. Wanna guess who spearheaded each investigation? Lt. Sherman and Cpt. Vangordor. (sabatage - "Statement of Facts" paragraph 2)

5. Defendants Rutherford and Miller had a duty, per DOC policy, to follow up on my report and are arguing that they didn't attempt to follow-up because "There was nothing to follow up on". (Doc 30 pg 6). Remarkably, the defense

pg 4

B

submitted an exhibit ("exhibit B pg 3 of 5" Doc 31-2) that defendants *did* find it necessary to follow up on **3** occasions. They then go on to say that I refused, without showing any "refusal forms", and this is the same falsified document where the "Z-code" defense was spawned (i.e. "I'm good, I'm just trying to get my Z-code.") Once again, the defense's story changes.

6. The Defense then goes on to say that gang members are "non-existent." This is a bald faced lie that counsel has just put on paper, signed, and submitted to the court. Defendants have a file *dedicated* to gang/STG members and have transferred several inmates because of the danger STG members pose. Defendant's even "vetted" me through "gang leadership" here at Rockview (Doc 31-4 exhibit D). I extensively provide facts on this in my complaint (statement of facts paragraphs 4-14; "Legal claims" paragraph 1) The facts are that I was; raped by STG members, made a PREA report, report was sabotaged, a misconduct was issued and put on the DOC computer system, inmates acquired this info, my life was put in danger. *All* employees know that misconducts can be viewed on the computer. Having that prior knowledge, knowing that revealing this info would make me *MORE* of a target, and wording it to label me a "snitch" makes defendants guilty of creating hazardous conditions for me. See: Helling v. Mckinney, 509 U.S. 25, 33, 113 S.ct. 2475 (1993). I made *ALL* defendants aware of the "hit" on me and *NONE* of them did anything, thus making them deliberately indifferent with *certain* prior knowledge. See: Farmer v. Brennan, 511 U.S. 825, 114 S.ct. 1970

Pg 5

8

128 L.Ed.2d 811 (1994); Dickens v. Taylor, 464 F.Supp.2d 341 (D.Del.2006); Betts v. New Castle Youth Dev. Center, 621 F.3d 249, 256 (3rd Cir 2010); And most importantly... Helling v. McKinney, 509 U.S. 25, 34, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)

7. I believe that we all know a bit about COVID at this point. Let me paint a picture. Rockview's D-block is an "open bar" design with almost non-existent ventilation and is encased in a shell much like a green-house. During quarantine, an outbreak happened on this block and spread like wildfire despite quarantine procedures in place. The block was _then_ placed on "Enhanced Quarantine" (meaning there are positive cases of COVID that come from this block) and _the spread continued_. During the "Enhanced Quarantine" time, defendants _intentionally_ tried to send me to D-block. They even _admit_ this fact and SIGNED it. Textbook deliberate indifference. See Tatsch-Corbin v. Feathers, 561 F.Supp.2d 538 (W.P.Pa. 2008). Thus, I have properly stated proper claims to support 8th Amendment violations. (COVID violations: complaint "Statement of Facts" paragraph 12; "Legal Claims" paragraph 2 [Under '14 Amendment'])

8. Next the defense argues that there wasn't a "meeting of the minds" and no policy violations or a motive. In the "Statement of Facts", as a whole, I give several dates the "meeting of the minds" happened (concerning PRC) and the defense literally submitted exhibits showing communication/meeting about my security concerns, thus proving that they acted in

B

concert. As to the "actions taken", I properly allege that in my "Statement of Facts" in general and "legal claims" under "§1985 conspiracy claims" paragraphs 1 and 2 as well as "§1986 conspiracy claims" paragraph 1. The only thing I can't say for certain is "Why." I didn't hear them formulate the motive, which is why it's a conspiracy. But the basic principle of a conspiracy is to cover-up the truth. I can (and do) allege that. I will not/cannot give specifics and won't make up something that fits, unlike the defense.

9. Next, we got "intentional infliction of emotional Distress." In my complaint, "Legal Claims" pg 8 under "Intentional Infliction of Emotional Distress" I specifically say, "<u>ALL</u> defendants" (I.e. Vongordon, Sherman, Byerlee, Miller, Houser, Rivello, and Rutherford) "acted with malicious intent with the intended purpose of intentional infliction of emotional/psychological distress for/through the above listed scenarios and reasons." Trying to keep the complaint "short and consice," I didn't re-name each defendant and this isn't necessary when the english word "All" covers the subject of what I'm talking about (defendants). This is also why I didn't re-tell events I've already "mind numbingly" (as the defense once said) stated detailed events. If required to re-state events for each claim, the complaint would not conform to the "short and consice" standard. However, once someone read the complaint up to this point, the "grand work" is already in place for one to understand this claim.
-1. Extreme conduct (sabotaging PREA report, exposing my rapes, ignoring threats to my life, sending me to a COVID

B

infested block ;-2 Intentional (This is self apparent. I mean, how couldn't it be intentional? "I didn't intend for your rapes to be publisized by entering it into a publisized computer system?" "We didn't intentionally order you to go to D-block while under enhanced Quarintine while gang members want to kill you, but it was our decision to make it happen." Like I said, self explanatory).;-3. The conduct caused emotional distress (I'm now on anti-depressants and have severe anxiety problems)-4. the distress is severe (voluntarily confining myself to solitary confinement under punishment [d/c status] for a year and a half shows how severe it is.) So, no, inmates do not have computers and are not supposed to be able to "look up" other inmates just like average citizens are not supposed to drive over the speed limit or without a seatbelt but we all know better. I've had someone looked up before and I got to scroll through his file on the computer. Sometimes staff just "happen to be looking at an inmate's file" where other inmates can see. This is a well known fact. Sometimes staff even print it out.

10. The defense seems to want evidence of every accusation. I'd gladly give it. Could he then tell me how to convince a staff member to admit showing another inmate my personal file? Can he give a single case law that necessitates me to have a gang member with "Thug life" tattooed on his forhead displaying gang colors, draft an affidavit admitting that his gang has a "hit" out on me, and that he's gonna kill me, then sign it? While

Pg 8

B

we wait for a responce on that, we should move past it it as if it doesn't exist due to the fact that no such requirments exist. The only thing that's "atrocious and utterly intolerable" is this ridiculas defense.

11. Lastly, we come to personal involvement. I'm incredulas that this was even considered. Like, SERIOUSLY? ok, I'll do this one at a time.

    Byerlee - Sabataged the report. (left things out)
    Miller - investigated/concurred with report    } PREA
    Rutherford - investigated/concurred with report
    Rutherford - wrote misconduct
    Houser ⌉
    Rivello | Ignored my P/C request; tried to send me to COVID
    Miller ⌋ infested block; Ignored reported dangers to my life
    Sherman ⌉ Ignored my P/C request; Ignored reported dangers
    Vangordor ⌋ to my life;

All of this is explicitly stated in my complaint. It Doesn't get much more "personally involved" than that. This excludes their "Qualified immunity" for being a supervisor.

12. Yes, I tried to go outside of the "correct channels" to file a PREA report. Given my history with Rockview (see my affidavits I've already filed), I don't think a jury could fault me. And if this court isn't yet convinced, these same defendants are currently violating my rights (see my reply brief and supporting documents sent on 6-17-21). No less than 9 people have broken confidentiality and Res

pg 9

B

Superior will be in my supplemental complaint. Plus, I now have a witness that heard a "hit" being <u>overtly</u> sent to population because of defendants additional violations against me. It's so bad that Staff <u>refuse</u> to take a report on the matter.

13. Some of these things, individually, may not be a violation but the totality of conditions makes it pursuable under §1983. See Wilson v. Seiter, 501 U.S. 294, 304 (1991). I have a right to safe conditions (Helling v. McKenny, 509 U.S. 25, 33, 113 S.Ct. 2475 (1993) which includes assault and rape. I reported it to <u>All</u> defendants mid-2020 and they didn't investigate. This fact is proven by defendants exhibit D (Doc 31-4 pg 46 of 57) where on <u>1-27-21</u> it's noted on my "I.C.A.R." that I've "been vetted" through all "gang leadership". This is about <u>8</u> months after I first let this be known. See also: Rhodes v. Chapman, 452 U.S. 337, 101 S.Ct. 2392 (1981)

14. My complaint is "sworn" and so it carries the same value as an Affidavit/Declaration. By the descriptions of repetitive behavior (ignoring me and my concerns) is evidence under Federal Rule of evidence 406. The overall facts alleged in my complaint conform to Fed. R. of Ev. 701 pertaining to lay witnesses. The inmates (whom I've dealt with in the past who happen to be affiliated with a STG) telling me of the "hit" on my life is Not Hearsay under F.R. of E. rule 801(d)(2) "The statement... was made by the party in an individual or representative capacity." Since it's obvious that he won't go against his gang (for fear of retaliation), his statement to me (about the "hit") is as a representative of his gang and so, I can testify and swear to this statement.

B

15. The defense doesn't challenge my 1st Amendment claims so, they should proceed en masse. (Fed. R. Civ. P. 8)

16. Defendants "vetted" me through gang leadership really translates to them giving gang leaders my name and showing them my picture and asking them if they have a problem with me. How else would this be done? That makes the gang leaders think, "What did this guy say to security that has security asking if we have a problem with him?" This, in and of itself, paints a huge target on me, and will surely get me hurt. This is a typical (and tragic) tactic employed by DOC Security officials who have a history of abusing inmates and covering it up. In present case, in approx. 2012, Security Lt. Sherman was involved in a "cell extraction" that resulted in an inmate's death right here on my block on "A1" range. They used excessive amounts (multiple cans) of O.C. spray on an athsmatic inmate named "J-Roc." As a result of a "job well done" (cover-up), Sherman was promoted to where he is today. (he was only a CoI in 2012). Although I do not affiliate with gangs, in fact, I hate "gang bangers", that doesn't mean I cannot be attacked/raped by them. This is exactly what happened to me and defendants are amused to "put me out there" (referring to PREA report) and then throw me back to the wolves. Vangorder already submitted a Declaration that he's in charge of "STG monitering" because of his "Security title." Sherman also has a "Security" title and (I believe) shares some of this responsibility. Defendants admit this themselves. This issue is moot.

ps11

B

17. It is well known that pro-se litigants are held to a less stringent standard and I ask the court to accept my complaint as is   or tell me what/how to change my complaint   or appoint me counsel to do so because my suit mirrors other suits filed, and won, in this district and the supreme court alike (proving that my suit has merit).

18. As it is well known to the court by now, defendants Sherman and Miller have <u>PERSONALLY</u> violated my rights by revealing my transgender identity and telling me to "Suck a dick" in front of a whole range of solitary confinement inmates who are almost exclusively known for stabbing/assaulting staff and inmates alike. This, in and of itself, is a violation of my constitutional rights. See: Whalen v. Roe, 429 U.S. 589, 599-600, 97 S.Ct. 869, 876-877, 51 L.Ed. 2d 64, 73-74 (1977); Sterling v. Borough of Minersville, 232 F.3d 190, 196 (3d cir 2000); Lawrence v. Texas, 539 U.S. 558, 578, 123 S.Ct. 2472, 2484, 156 L.Ed. 2d 508, 525-526, 71 U.S.L.W. 4574, 2003 Cal. Daily Op. Service 5559, 2003 Daily Journal DAR 7036, 16 Fla. L. Weekly Fed. S 427 (2003)

19. I'm continually housed in solitary confinement because my safety is ignored and I'm forced to either disobey orders to go to a population where I'll be stabbed and thus confine myself to solitary confinement (which has been internationally recognized as a form of torture) to preserve my safety (where staff continually find new

ways to harass me) OR actually go to population where I'll be in danger. NOT a single one of my misconducts allege that I'm trying to get single celled (for the past year) because I already have a single cell (and had it for 18 months). None of my misconducts say anything about electronics. Further, I've made it explicitly clear that I no longer care about electronics and simply ask to be transferred. So the "Z-code" and "electronics" are not why I'm in the RHU and are not what this suit is about. This is another lie from the defense. In my original TRO/preliminary Injunction I asked to be placed on P/C with my electronics AS A MEANS TO WORK WITH DEFENDANTS by the least intrusive means. This was ONE avenue I asked for out of several options I offered to try to be flexible with the court and defendants. The purpose of this was to allow enough time to elapse to let inmates "cycle out" (get paroled) of Rockview and let the situation "cool down." Defendants Sherman and Miller DESTROYED that avenue by revealing my trans identity and "vetting" my picture to gang leadership so that it stays fresh in the gangs' minds. A full year has been completely wasted and this shows that defendants DON'T CARE about being "flexible" or doing things "by the least intrusive means." That is what this suit is about (defendants not caring). And making me choose between utilizing one right in exchange for another right is another violation. See: Frazier v. Ward, 426

Pg 13

B

F. Supp. 1354, 1357, 1372 (N.D. NY. 1977)

20. All defendants ARE supervisors and they are the ones who violated my rights. The supervisors THEMSELVES do these things, imagine what their subordinates are doing to me that I don't have the mental capacity to litigate dozens of §1983 suits or the financial means. Supervisors can be held just as liable as the "normal" staff. Their title is meaningless when they, themselves, violate my constitutional rights. See: Harlow v. Fitzgerald, 102 S.Ct. 2727 (1982)

21. As we all know, the courts MUST "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). In light of all the facts alleged in the complaint, evidence submitted, and the sheer multitude of people covering multiple genres of profession, the fact finder will come to the reasonable conclusion that this isn't an isolated incident aimed at the plaintiff, rather, it points to a common practice/custom/regulation maintained and practiced by all staff at plaintiff's prison (Rockview). Despite limitations on prisoners' constitutional rights and the deference to be accorded prison officials, "[w]hen a prison regulation or practice offends a fundamental constitutional guarantee, federal courts will discharge their duty to protect constitutional rights." Procunier v. Martinez, 416 U.S. 396, 405-06, 412, 94 S.Ct. 1800, 40 L.E.2d 224 (1974).

B

## VI. Conclusion

Based upon the above mentioned facts, it is clear that I'm not litigating for a "Z-code", I'm litigating to obtain safe conditions where I will no longer be threatened/assaulted/raped and want to be moved to a prison with a high population of LGBTQ people and low gang population with the hopes of attaining a cellmate that identifies as I do. I've stated proper claims and the necessary facts to support them, and so, defendant's motion to dismiss should be dismissed with prejudice.

I swear under penalty of law that the aforegoing is true and correct upon information and belief.

Signed: *[signature]*
Shalin Simms JP4037
Dated: 7-2-21
Pro-Se Litigant
Box A
Bellefonte, Pa. 16823

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

Simms
  Plaintiff

  v.                          Civil Action No. 3:21-cv-321

Houser                        ORDER
  Defendants et.al.

AND NOW, this _____ day of _____, 2021, it is hereby ORDERED that the defendant's motion to dismiss under Rule 12(b)(6) is DISMISSED WITH PREJUDICE.

_____              _____
Date                         UNITED STATES DISTRICT JUDGE

# Certificate of Service

I certify that the listed documents were sent to the below listed parties via First class mail.

- Brief in opposition
- ORDER

Daniel Gallagher
Attorney General's office
Strawberry Square
15th floor
Harrisburg, Pa. 17120

U.S. District Court
Middle District of Pa.
235 N. Washington Ave.
PO Box 1148
Scranton, Pa. 18501

Signed: [signature]

Shawn Simms JP4537
Pro-Se Litigant
Box A
Bellefonte, Pa. 16823

Dated: 7-2-21

INMATE MAIL
PA DEPT OF
CORRECTIONS

Smart Communications
PA SCI Rockview
Shawn Simms JP4032
PO Box 33028
St. Petersburg, FL 33733

USMS X-RAY

U.S. District Court
Middle District of Pa.
235 N. Washington Ave.
PO Box 1148
Scranton, Pa. 18501

RECEIVED
SCRANTON
JUL 08 2021
PER _____ DEPUTY CLERK