IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN M. SIMMS, | : | |
| Plaintiff | : | No.  3:21-CV-0321 |
| | : | |
| v. | : | Judge Malachy E. Mannion |
| | : | |
| MORRIS L. HOUSER, J. RIVELLO, | : | Electronically Filed Document |
| TIMOTHY MILLER, SHERMAN, | : | |
| VANGORDER, LT. RUTHERFORD | : | *Complaint Filed 02/22/21* |
| *and* BRAD BYERLEE, | : | |
| Defendants | : | |

## **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

## **INTRODUCTION**

Plaintiff has failed to correct any of the deficiencies in the aimless, disorganized and farcical pleading in response to the Motion to Dismiss (Doc 37). The inmate *has* managed to backtrack on another one of these baseless demands, this time the demand for "electronics" while in Administrative Confinement ("AC"). Simms makes much of the fact that it was labeled "threat to inmate." Staff investigated the allegation, which came only from Simms, and as with all of this inmate's transparent ploys, it was found to be unsubstantiated. Simms now "simply asks to be transferred"(Doc 37, p. 2).  The inmate does not "run the asylum," and this lawsuit is not a negotiation of the terms of incarceration. The Motion to Dismiss should be granted.

**I.     ARGUMENT**

    **A.     Fourteenth Amendment Claim**

Plaintiff attempts to excuse his unsubstantiated PREA complaint, which is the source of most of this Complaint, by stating that lack of specifics is "allowed and not to be punishable" according to an uncited section of PREA policy (Doc 37, p. 3, ¶ 3). In actuality, DOC ADM 008, Section 12 (A)(2) states as follows:

> 2. Anyone who reports sexual abuse, sexual harassment, or retaliation should provide as many details as possible regarding the incident(s), including the following information:
>
>    a. comprehensive description of incident(s);
>
>    b. names of all parties involved;
>
>    c. date(s);
>
>    d. time(s);
>
>    e. place(s) of alleged incidents; and
>
>    f. witness(es), if any.

cor.pa.gov

Simms' version of policy would not meet the goal of PREA, which is obviously the *prevention* of prison rape. The fact that no details about "who, what, when, where and how" were provided prevents the DOC from intervening to make sure it does not happen again. It also reveals that the report was another one of the ploys this inmate has used to meet his ever changing attempts to dictate the terms of his imprisonment.

Since Simms was not singled out, the theory of "class of one" is as baseless as the claims here. Simms was given a misconduct for filing a false report. That is not inconsistent action on behalf of the Defendants.

As another example of the unintentionally transparent strategy, we now have the offer to give the Court the name of a perpetrator of these alleged rapes *only* if the DOC is not given the name. In other words, the Plaintiff again wants to prevent investigation of the claims, since investigation will surely prove them false.

Plaintiff also misconstrues Defendants' position about gang members (Doc 37, p. 5, ¶ 6). It was not denied that there are gang members in the DOC. In fact, Defendants attempted to investigate if any gangs had a problem with this inmate. Staff was told there was no problem (Doc 31-4). It is not the existence of gang members that was denied, it is the existence of gang members with a problem about an inmate who has no connection to a gang. Again, whenever one of the claims are investigated, it is disproven.

      B.      **Failure to Allege Personal Responsibility**

The allegations against Defendants VanGorder, Rutherford, Miller and Sherman are failing to investigate (Doc 1, ¶¶ 8, 10). In a § 1983 case, the supervisory official's misconduct cannot be merely a failure to act. *See Commonwealth of Pennsylvania v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981), *cert.*

3

*denied*, 458 U.S. 1121 (1982). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 111 S.Ct. 2827 (1991). The supervisor must be personally involved in the alleged misconduct. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The allegations against all of the Defendants here are for alleged failures to act, which cannot prove liability. Plaintiff has done nothing to cure this problem in the response (Doc 37). No proper constitutional violation is alleged.

    C.    **Eighth Amendment Claim**

The 8th Amendment claim is also fallacious. The "theory," such as it is, appears to be that by putting DOC documents on the computer system of the DOC that this endangers this inmate (Doc 37, p. 5). We are asked to take the inmate's word for the concept that unnamed inmates mysteriously accessed the computers, and put out a "hit" (Doc 37, p. 5). As with all of this inmate's claims, they are unsubstantiated by a single fact, for the simple reason that they are only in the inmate's overactive imagination.

There is also an extended discussion of COVID-19, another "hot button" issue (Doc 37, p. 6, ¶ 7). The inmate has no facts to document the theory that

Simms was exposed to a higher risk than the average inmate. More importantly, Simms has not alleged exposure to COVID-19, or receipt of the diagnosis (Doc 37. p. 6, ¶ 7). So the pattern repeats itself; overwrought description without harm. As a result, no proper constitutional violation is alleged.

### D. Conspiracy Claims

The Plaintiff's proof on conspiracy is that the PRC met regarding the inmate's allegations (Doc 37, pp. 6-7). Plaintiff ignores, or does not understand, that a conspiracy is an agreement to perform an *illegal* action, not the normal job duties of the Defendants, *See Starzell v. City of Philadelphia,* 533 F. 3d 183, 205 (3rd Cir. 2008). There are no allegations that approach the requirement to allege an agreement to violate the inmate's constitutional rights. The claim should be dismissed.

### E. Intentional Infliction

Plaintiff responds, with the usual fervor without facts, to the requirement of actually presenting facts in support of the outlandish allegations that make up the Complaint (Doc 37, pp. 7-8). The requirement for alleging "extreme conduct" is met with the response that "sabotaging PREA report, exposing my rapes, ignoring threats to my life, sending me to COVID-19 infested block," (Doc 37, p. 8), qualify for outrageous conduct. Again, and *ad nauseam,* there is no *factual* explanation as to what was done to sabotage the PREA report, no facts that anyone accessed his

5

rape allegations, no *facts* about ANY threat to the inmate, or facts to demonstrate increased risk (Doc 37, pp. 7-8). The computer system is described as "publicized" without a single *substantiated* instance of such intrusion in the system (*Id.* at p. 8). Plaintiff shows "true colors" by alleging personal access to the computer without any *facts* which would allow any substantiation or investigation of the accusation (*Id.* at p. 8). The accusation of access to computer information by inmates is analogized to "citizens" exceeding the speed limit (*Id.* at p. 8). The inmate states, "This is a well-known fact," without demonstrating one instance of that "well known fact." The claim should be ignored.

Plaintiff complains that "the defense seems to want evidence of every accusation" (*Id.* at p. 8, ¶ 10). It is agreed that this is how the legal system works. This surely occurred to the inmate when unsuccessfully defending against the criminal investigation. This is basically an unintended acknowledgement that the requirement for facts is not met here. Since it is not, the Motion to Dismiss should be granted.

We now come to the most remarkable statement. The complaint is "sworn" (*Id.* at p. 10, ¶ 14). If there were any *facts* alleged in the Complaint, that statement would have some significance. Since there are no facts, it is meaningless. Neither adjectives, nor bizarre movie references, are facts. Since there are no facts

supporting this grocery list of unsubstantiated theories, the Motion to Dismiss should be granted.

## II.    CONCLUSION

Based on the foregoing, Defendants respectfully request that the Motion to Dismiss be granted.

                                        **Respectfully submitted,**

                                        **JOSH SHAPIRO**
                                        **Attorney General**

                              **By:**   *s/ Daniel J. Gallagher*
                                        **DANIEL J. GALLAGHER**

**Office of Attorney General**         **Deputy Attorney General**
**15th Floor, Strawberry Square**    **Attorney ID 30451**
**Harrisburg, PA 17120**
**Phone: (717) 783-2034**             **KAREN M. ROMANO**
                                                **Chief Deputy Attorney General**
[dgallagher@attorneygeneral.gov](mailto:dgallagher@attorneygeneral.gov)    **Civil Litigation Section**

**Date: July 23, 2021**                  **Counsel for Defendants**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN M. SIMMS, | : | |
| Plaintiff | : | No.  3:21-CV-0321 |
| | : | |
| v. | : | Judge Malachy E. Mannion |
| | : | |
| MORRIS L. HOUSER, J. RIVELLO, | : | Electronically Filed Document |
| TIMOTHY MILLER, SHERMAN, | : | |
| VANGORDER, LT. RUTHERFORD | : | Complaint Filed 02/22/21 |
| and BRAD BYERLEE, | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Daniel J. Gallagher, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on July 23, 2021, I caused to be served a true and correct copy of the foregoing document titled Motion to Dismiss to the inmate by hand delivery:

**Shawn M. Simms, JP-4037**
**SCI Rockview**
*Pro Se Plaintiff*


    *s/ Daniel J. Gallagher*
**DANIEL J. GALLAGHER**
Deputy Attorney General